## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JORGE MEDINA,**

      Plaintiff,

      vs

**MACOMB COUNTY**, a municipal corporation,
and Macomb County Deputies
**ANTHONY ROMITA**, and
**FREDERICK PARISEK**,
individually and in their official capacities,
jointly and severally,

      Defendants.

Case No. 16-cv-10476
Hon. Stephen J Murphy
Mag Judge Mona K. Majzoub

_____

| | |
|---|---|
| MARCEL S. BENAVIDES (P69562) | JOHN A. SCHAPKA (P36731) |
| *Attorney for Plaintiff* | *Attorney for Defendants* |
| Law Office of Marcel S. Benavides | Macomb County Corporation Counsel |
| 240 Daines Street | One South Main Street |
| Birmingham, Michigan 48009 | Mount Clemens, Michigan 48043 |
| (248) 549-8555 | (586) 469-6346 |
| benavideslaw@att.net | john.schapka@macombgov.org |

_____

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANTS' ANSWERS TO INTERROGATORIES

1

NOW COMES the Plaintiff, JORGE MEDINA, by and through his attorney, Marcel S. Benavides, and brings this Motion to Compel Defendant's Answers to Interrogatories, pursuant to Fed. R. Civ. P. 33 and 37, requesting that this Court order that Defendant Macomb County Deputies ANTHONY ROMITA and FREDERICK PARISEK (hereinafter "Defendant Officers"), and Defendant MACOMB COUNTY (hereinafter "Defendant County") answer the disputed interrogatories. In support of this motion, Plaintiff states as follows:

1.     This is an action brought under 42 U.S.C. § 1983 where Plaintiff, Jorge Medina, suffered tremendous injury and damages resulting from the unlawful conduct of Defendant Officers and Defendant County, in contravention of Mr. Medina's protected constitutional interests. The Complaint sets forth a variety of claims against both Defendant Officers and Defendant County, thereby mandating extensive discovery. (Dkt. #1).

2.     Plaintiff prepared initial discovery requests and served them on Defendants, including Plaintiff's First Set of Interrogatories to Defendant Officers, dated October 7th, 2016 (attached hereto as "Exhibit A"); and Plaintiff's First Set of Interrogatories to Defendant Macomb County, dated October 7th, 2016 (attached hereto as "Exhibit B").

3.     Plaintiff's interrogatories to Defendant Officers are twenty-two in number, ten of which contain subparts relating to the primary question.

4.    Plaintiff's interrogatories to Defendant County are twenty-one in number, one of which contains subparts relating to the primary question.

5.    In their November 7, 2016 response to Plaintiff's interrogatories (attached hereto as "Exhibit C"), Defendant Officers refuse to answer interrogatory Nos. 8 through 22, claiming, "Objection. The interrogatory corresponding hereto exceeds the maximum allowed, including discrete sub-parts, absent leave of the court. FRCP 33(a)(1)."

6.    In its November 7, 2016 response to Plaintiff's interrogatories (attached hereto as "Exhibit D"), Defendant County refused to answer interrogatory Nos. 20 and 21, claiming the same objection quoted in ¶5 above.

7.    For the reasons set forth in the attached Brief, Plaintiff respectfully requests that this Honorable Court compel Defendants to answer Plaintiff's discovery requests as they are not in violation of Fed. R. Civ. P. 33.

8.    Plaintiff requests costs and attorney fees for having to file this Motion because, as set forth in the attached Brief, Plaintiff's discovery requests clearly do not violate Fed. R. Civ. P. 33.


WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant his Motion to Compel Defendants' Answers to Interrogatories and impose costs and attorney fees against Defendants.

3

Respectfully Submitted,


/s/ Marcel S. Benavides
MARCEL S. BENAVIDES (P69562)
Attorney for Plaintiff
240 Daines Street
Birmingham, Michigan 48009
(248) 549-8555
benavideslaw@att.net


DATED: March 29, 2017

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JORGE MEDINA,**

      Plaintiff,

      vs

**MACOMB COUNTY**, a municipal corporation,
and Macomb County Deputies
**ANTHONY ROMITA**, and
**FREDERICK PARISEK**,
individually and in their official capacities,
jointly and severally,

      Defendants.

Case No**.** 16-cv-10476
Hon. Stephen J Murphy
Mag Judge Mona K. Majzoub

_____

MARCEL S. BENAVIDES (P69562)
*Attorney for Plaintiff*
Law Office of Marcel S. Benavides
240 Daines Street
Birmingham, Michigan 48009
(248) 549-8555
benavideslaw@att.net

JOHN A. SCHAPKA (P36731)
*Attorney for Defendants*
Macomb County Corporation Counsel
One South Main Street
Mount Clemens, Michigan 48043
(586) 469-6346
john.schapka@macombgov.org

_____


### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES

**Statement of Facts**

Plaintiff submitted discovery requests, including interrogatories to Defendant Officers and Defendant County, which comply with Fed. R. Civ. P. 33, and are attached hereto as "Exhibit A" and "Exhibit B" respectively. On November 7, 2016 Defendants submitted objections to Plaintiff's discovery requests, attached hereto as "Exhibit C" and "Exhibit D," claiming that Plaintiff's interrogatories "exceed[] the maximum allowed, including discrete sub-parts, absent leave of the court. FRCP 33(a)(1)." Defendant Officers have not provided answers to fifteen of the twenty-two interrogatories. Defendant County has not provided answers to two of the twenty-one interrogatories.

Defendants do not analyze Plaintiff's discovery requests to apprise Plaintiff of which interrogatories they feel contain discrete subparts that would, when tallied, result in their claimed violation of Fed. R. Civ. P. 33(a)(1). Given Defendant Officers' refusal to answer interrogatory Nos. 8 through 22, Plaintiff presumes that Defendant Officers claim that the subparts contained in interrogatory Nos. 3, 4, and 7 should be counted in tabulating the number of interrogatories presented. Given Defendant County's refusal to answer interrogatory Nos. 20 and 21, Plaintiff presumes that Defendant County claims that the subparts contained in interrogatory No. 17 should be counted in tabulating the number of interrogatories presented.

The parties have previously engaged in extensive phone conversations to narrow the issues and topics of this Motion to Compel. Emails regarding same were also exchanged in November and December, 2016. Plaintiff sought concurrence for the instant motion on March 29, 2017.

## **Law and Argument**

As long as an interrogatory focuses on one common theme and subject matter, each subpart should not be treated as a discrete and separate interrogatory when counting the number of interrogatories presented.

Fed. R. Civ. P. 33(a)(1) states, in relevant part, as follows:

*Number.* Unless otherwise stipulated or ordered by the court, a party may serve on another party no more than 25 written interrogatories, including all <u>discrete</u> subparts. (Emphasis added).

Defendants claim that Plaintiff's discovery requests are in violation of this rule. Defendants are wrong.

The Advisory Committee to the Federal Rules explains that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." *Advisory Committee Note,* Fed. R. Civ. P. 33. The Committee further explained that, for example, "a question asking about communications of a particular type should be

treated as a single interrogatory even though it requests that the time, place, person present, and contents be stated separately for each such communication." *Id*.

Federal Practice and Procedure advises that "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Number of Interrogatories*, Federal Practice and Procedure § 2168.1 (2d ed. 1994). Additionally, ample case law on the subject obviously supports the conclusion that where subparts to an interrogatory are by commons sense subsumed within and necessarily related to the "primary question," those subparts should be counted as one interrogatory, not multiple interrogatories. *Steinbach v. Credigy Receivables, Inc.*, No. 05-114, slip op. at 2 (E.D. Ky. April 14, 2006); *Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658 (D. Kansas 2004); *Safeco of America v. Rawstron*, 181 F.R.D. 441 (D.C. Cal. 1998). Indeed, in this district, Judge Robert H. Cleland has followed suit and held that where "the subparts are factually and/or logically related to the primary question and are subsumed by the primary question" the subparts should be treated as part of the primary interrogatory. *Harhara v. Norville*, slip op. at 3 (E.D. Mich. Sept. 25, 2007) (attached hereto as "Exhibit E").

Here, rather than properly responding to the discovery requests, Defendants have apparently taken the time to count each and every subpart of the interrogatories and improperly claim that each should be counted as a separate interrogatory. But

all the interrogatory subparts in Plaintiff's discovery requests are logically or factually subsumed within, and necessarily related to, the primary question presented in their corresponding interrogatory, and should therefore be counted as part of one interrogatory.

### As to the interrogatories to Defendant Officers containing subparts:

**Interrogatory No. 3** asks a primary question about **the Defendant Officer's occupations, jobs or assignments within a specifically limited 10 year period**. The subparts relative to this primary question concern the identity of the employers, dates of employment, position and nature of the job, compensation for the employment, identification of supervisors relative to the job, disciplinary issues within the scope of the employment, and reasons for the employments termination if applicable. These subparts do not seek information about discrete and separate subjects. Rather, they are clearly subsumed within and related to the primary question concerning the Defendant's 10 year employment history.

**Interrogatory No. 4** asks a primary question about **prior civil litigation wherein the Defendant Officer was a party**. The subparts relative to this primary question concern identification of the prior litigation, the identity of material persons involved in the litigation, nature of the litigation, disposition of the litigation, and whether the Defendant Officer provided any sworn testimony relative to that litigation. It should be treated as one interrogatory because it addresses the single

9

common issue of prior civil litigation materially involving the defendant and its subparts are subsumed within and related to its primary issue.

**Interrogatory No. 7** asks a primary question concerning **prior communications about this incident that the Defendant Officer engaged in or had knowledge of**. All subparts concern the time, location, persons involved, and nature of the prior communications and should therefore be treated as one single interrogatory.

**Interrogatory No. 9** asks a primary question about **experts expected to testify**. The subparts, which are obviously subsumed by and related to this primary question, concern the qualifications and expertise of the alleged expert and the subject matter of the alleged expert's testimony.

**Interrogatory No. 11** asks a primary question specifically about **the Defendant Officer's prior communications with prosecution officials regarding the incident**. The subparts, which are obviously subsumed by and related to this primary question, concern the date, substance, and persons involved in said communications. This should be treated as one interrogatory.

**Interrogatory No. 13** asks a primary question about **the Defendant Officer's prior criminal convictions**. The subparts, which are obviously subsumed by and related to this primary question, concern the nature, subject matter, and disposition of any such conviction.

10

**Interrogatory No. 14** asks a primary question about **the consistency of the Defendant Officer's conduct with Macomb County policies**. The subparts relative to this primary question merely request identification of the policy they believed was violated, how it was violated, and whether there was discipline for the violation. The subparts are entirely subsumed by the primary issue of perceived policy violations and should therefore be counted as one single interrogatory.

**Interrogatory No. 19** asks a primary question specifically about **Defendant Officers asserted defenses to Plaintiff's punitive damages claim**. The subparts, which are obviously subsumed by and related to this primary question, concern the nature of the asserted defense.

**Interrogatory No. 20** asks a primary question about **the Defendant Officer's creation of tangible documents relative to the underlying incident**. The subparts relative to this primary question concern identification of the document, the document's nature and subject matter, the Defendant's level of involvement in the creation of the document, and whether the Defendant submitted or reviewed the document. It should be treated as one interrogatory because it addresses the single common issue of tangible documents created by the Defendant Officer and its subparts are subsumed within and related to its primary issue.

**Interrogatory No. 22** asks a primary question about **the Defendant Officer's knowledge of force used upon Plaintiff**. All subparts concern the identity of the

11

person that used force and clarification of the nature of the force that was used. It should be treated as one interrogatory because it addresses the single and specific common issue of use of force upon plaintiff and its subparts are subsumed within and related to its primary issue.

**As to the interrogatory to Defendant County containing supbarts:**

**Interrogatory No. 17** asks a primary question about **communications involving Defendant County representative(s) relative to the underlying incident**. The subparts relative to this primary question concern the date, location, persons involved, memorialization and nature of these specific communications. These subparts do not seek information about discrete and separate subjects. Rather, they are clearly subsumed within and related to the primary question concerning the Defendant County representative(s) communications about the incident at issues in this cause of action.

Based on the case law cited above, the entirety of the interrogatories sent to Defendant Officers contain twenty-two separate interrogatories. Likewise, the entire set of interrogatories sent to Defendant County contain twenty-one separate interrogatories. Contrary to Defendants' assertions, both discovery requests comply with Fed. R. Civ. P. 33. Moreover, the subparts are obviously related to the primary interrogatory to such a degree that it is obviously not Plaintiff's intention to use subparts for the purpose of harassing Defendants. Rather, it is Plaintiff's intention to

engage in amicable and logically relevant discovery in compliance with all applicable Federal Rules; and to avoid undue waste of this Honorable Court's time and expense by involving the Court in a discovery dispute.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant his Motion to Compel Defendants' Answers to Interrogatories and impose costs and attorney fees against Defendants.

Respectfully Submitted,


/s/ Marcel S. Benavides
MARCEL S. BENAVIDES (P69562)
Attorney for Plaintiff
240 Daines Street
Birmingham, Michigan 48009
(248) 549-8555
benavideslaw@att.net


DATED: March 29, 2017

13

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JORGE MEDINA,**

       Plaintiff,

Case No**.**  16-cv-10476
Hon. Stephen J Murphy
Mag Judge Mona K. Majzoub

    vs

**MACOMB COUNTY**, a municipal corporation,
and Macomb County Deputies
**ANTHONY ROMITA**, and
**FREDERICK PARISEK**,
individually and in their official capacities,
jointly and severally,

       Defendants.

_____

MARCEL S. BENAVIDES (P69562)    JOHN A. SCHAPKA (P36731)
*Attorney for Plaintiff*                 *Attorney for Defendants*
Law Office of Marcel S. Benavides   Macomb County Corporation Counsel
240 Daines Street                     One South Main Street
Birmingham, Michigan 48009      Mount Clemens, Michigan 48043
(248) 549-8555                       (586) 469-6346
benavideslaw@att.net            john.schapka@macombgov.org

_____

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that the attached Motion to Compel will be heard before
the Honorable Mona K. Majzoub at a date and time set by the Court.

                        /s/ Marcel S. Benavides
                        MARCEL S. BENAVIDES (P69562)

DATED: March 29, 2017

## **CERTIFICATE OF SERVICE**

Being first duly sworn, the undersigned certifies that on April 5, 2017 a copy of PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES, BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES, and NOTICE OF HEARING was served on all attorneys of record by electronic filing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the foregoing.

/s/ Marcel S. Benavides
MARCEL S. BENAVIDES (P69562)