# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JORGE MEDINA,

    Plaintiff,                            CIVIL ACTION NO. 16-cv-10476

    v.                                   MAGISTRATE JUDGE MONA K. MAJZOUB

MACOMB, COUNTY OF,
ANTHONY ROMITA, and
FREDERICK PARISEK,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [18]

This matter comes before the Court on Plaintiff Jorge Medina's Motion to Compel Defendants' Answers to Interrogatories. (Docket no. 18.) Defendants Macomb County and Macomb County Sheriff's Deputies Anthony Romita and Frederick Parisek have not responded to Plaintiff's Motion; however, the parties have filed a Joint Statement of Resolved and Unresolved Issues (docket no. 20). With consent of the parties, this case has been referred to the undersigned for all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 12.) The Court has reviewed the Motion and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

### I. Background

Plaintiff initiated this action on February 9, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution. (Docket no. 1.) More specifically, Plaintiff alleges that on February

15, 2014, Defendants Romita and Parisek unlawfully entered Plaintiff's home and unlawfully searched and seized Plaintiff without a warrant or probable cause; used excessive force against Plaintiff and/or failed to intervene in the same; and acted with deliberate indifference to Plaintiff's serious medical needs/injuries by failing to provide Plaintiff with access to medical care. (*Id.* ¶¶ 10, 36-48.) Plaintiff also asserts a municipal liability claim against Defendant Macomb County and a state-law claim of assault and battery against Defendant Romita. (*Id.* ¶¶ 49-61.)

On October 7, 2016, Plaintiff served a set of twenty-two interrogatories upon Defendants Romita and Parisek and a set of twenty-one interrogatories upon Defendant Macomb County. (Docket no. 18 at 2-3; docket no. 18-1 at 1-17.) Defendants Romita and Parisek objected to and did not answer Interrogatory nos. 8-22 on the basis that they exceeded the maximum number of interrogatories, including discrete subparts, allowed under Federal Rule of Civil Procedure 33(a)(1). (Docket no. 18 at 3; docket no. 18-1 at 26-33.) Defendant Macomb County objected to and did not answer Interrogatory nos. 20 and 21 on the same basis. (Docket no. 18 at 3; docket no. 18-1 at 49-50.) Plaintiff then filed the instant Motion to Compel, in which he seeks a court order compelling Defendants to answer the aforementioned interrogatories as well as the costs and attorney fees he incurred in filing the Motion. (Docket no. 18.) According to the Joint Statement of Resolved and Unresolved Issues, the parties were unable to resolve their dispute regarding Plaintiff's interrogatories. (Docket no. 20.)

II. **Law and Analysis**

Federal Rule of Civil Procedure 33 permits a party to serve no more than twenty-five written interrogatories, including all discrete subparts, without leave of court. Fed. R. Civ. P.

33(a)(1). "Discrete subparts" of an interrogatory are questions that ask for discrete pieces of information. *Nolan, L.L.C. v. TDC Int'l Corp.*, No. 06-CV-14907-DT, 2007 WL 3408584, at *3 (E.D. Mich. Nov. 15, 2007) (citing *Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993)). But a subpart that is related to the primary question or directed at eliciting details concerning the common theme of the interrogatory should be counted as one interrogatory rather than as a discrete and separate interrogatory. *Harhara v. Norville*, No. 07-CV-12650, 2007 WL 2897845, at * 1 (E.D. Mich. Sept. 25, 2007). For example, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33 (Advisory Committee Notes, 1993 Amendment, Subdivision (a)).

Many of Plaintiff's interrogatories seek additional information or details to support the primary answer, either in the text of the interrogatory itself or in enumerated lists stationed below the text of the interrogatory. (*Compare* Interrogatory nos. 2 and 5 of Plaintiff's First Set of Interrogatories to Defendants Romita and Parisek, docket no. 18-1 at 3, 4, and Interrogatory nos. 5 and 7 of Plaintiff's First Set of Interrogatories to Defendant Macomb County, docket no. 18-1 at 13, *with* Interrogatory nos. 3 and 4 of Plaintiff's First Set of Interrogatories to Defendants Romita and Parisek, docket no. 18-1 at 3-4, and Interrogatory no. 17 of Plaintiff's First Set of Interrogatories to Defendant Macomb County, docket no. 18-1 at 15.) As Plaintiff points out, Defendants do not challenge any specific interrogatory or indicate which of the interrogatories they interpret to contain discrete subparts. A review of the interrogatories answered and left unanswered by Defendants, however, reveals that Defendants seemingly considered only those

interrogatories with enumerated lists stationed below the text of the interrogatory to contain discrete subparts, with each of the enumerated subparts counting toward the limit of twenty-five interrogatories.

Plaintiff argues that the enumerated subparts of his interrogatories do not seek information about discrete and separate subjects, but they are subsumed within and related to the primary question set forth by the interrogatories. (Docket no. 18 at 9-13.) Defendants have not responded to Plaintiff's Motion, and their general assertion in the Joint Statement of Resolved and Unresolved Issues that they have "fully and fairly responded to the maximum number of interrogatories allowed by FRCP 33(a)(1)," does not acknowledge or address Plaintiff's argument or the supporting law cited by Plaintiff. (*See* docket no. 20 at 2.)

Having conducted an independent review of Plaintiff's interrogatories, the Court agrees with Plaintiff – each of the subparts in the interrogatories at issue is either related to the primary question or directed at eliciting details regarding the common theme of the interrogatory. Thus, the Court finds that Plaintiff has only served Defendants Romita and Parisek with twenty-two interrogatories and Defendant Macomb County with twenty-one interrogatories. The Court will therefore order Defendants Romita and Parisek to provide full and complete answers to Plaintiff's Interrogatory nos. 8-22 and Defendant Macomb County to provide full and complete answers to Plaintiff's Interrogatory nos. 20 and 21, without further objection.

If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's

fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Rule 37 sanctions are appropriate in this case because the Court grants Plaintiff's Motion to Compel and because Defendants have failed to demonstrate that their position was substantially justified or that other circumstances make an award of expenses unjust. The Court will therefore order Defendants to pay Plaintiff's reasonable expenses and attorney's fees associated with bringing this Motion pursuant to Rule 37(a)(5). The Court will also order Plaintiff to submit a Bill of Costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendants' Answers to Interrogatories [18] is **GRANTED**. Defendants Romita and Parisek are ordered to provide full and complete answers to Plaintiff's Interrogatory nos. 8-22, without further objection, within twenty-one (21) days of this Opinion and Order. Defendant Macomb County is ordered to provide full and complete answers to Plaintiff's Interrogatory nos. 20 and 21, without further objection, within twenty-one days (21) of this Opinion and Order.

**IT IS FURTHER ORDERED** that Defendants pay the reasonable expenses and attorney's fees incurred by Plaintiff as a result of bringing the instant Motion. Plaintiff is ordered to submit to the Court a Bill of Costs itemizing the same within twenty-one (21) days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Defendants are liable.

Dated: October 11, 2017       s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: October 11, 2017       s/ Lisa C. Bartlett
                              Case Manager