# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JORGE MEDINA,

    Plaintiff,                         CIVIL ACTION NO. 16-cv-10476

    v.                                 MAGISTRATE JUDGE MONA K. MAJZOUB

MACOMB, COUNTY OF,
ANTHONY ROMITA, and
FREDERICK PARISEK,

    Defendants.
_____/

## OPINION AND ORDER REGARDING PLAINTIFF'S BILL OF COSTS [25]

Plaintiff initiated this action on February 9, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution by using excessive force against him, among other things. (Docket no. 1.) In an October 11, 2017 Opinion and Order, the Court granted a Motion to Compel filed by Plaintiff and ordered Defendants to pay the reasonable expenses and attorney's fees that Plaintiff incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (Docket no. 23.) On October 30, 2017, Plaintiff's counsel submitted a Bill of Costs. (Docket no. 25.) With consent of the parties, this case has been referred to the undersigned to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 12.) The Court has reviewed the Bill of Costs and is now ready to rule.

**I.    BACKGROUND**

On October 7, 2016, Plaintiff served a set of twenty-two interrogatories upon Defendants Romita and Parisek and a set of twenty-one interrogatories upon Defendant Macomb County.

(Docket no. 18 at 2-3; docket no. 18-1 at 1-17.)  Defendants Romita and Parisek objected to and did not answer Interrogatory nos. 8-22 on the basis that they exceeded the maximum number of interrogatories, including discrete subparts, allowed under Federal Rule of Civil Procedure 33(a)(1).  (Docket no. 18 at 3; docket no. 18-1 at 26-33.)  Defendant Macomb County objected to and did not answer Interrogatory nos. 20 and 21 on the same basis.  (Docket no. 18 at 3; docket no. 18-1 at 49-50.)  Plaintiff then filed a Motion to Compel, seeking a court order compelling Defendants to answer the aforementioned interrogatories and pay the costs and attorney's fees he incurred in filing the Motion.  (Docket no. 18.)  In an October 11, 2017 Order, the Court granted Plaintiff's Motion and ordered Defendants to provide full and complete answers to Plaintiff's interrogatories and pay the reasonable expenses and attorney's fees incurred by Plaintiff as a result of bringing the Motion.  (Docket no. 23.)  Pursuant to the Court's Order, Plaintiff submitted a Bill of Costs, through which he seeks a total of $3,950.00 in attorney's fees for 11 hours of work.  (Docket no. 25.)  Defendants have not filed an objection.

## II.     ATTORNEY'S FEES STANDARD

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked.  *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010).  The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney."  *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994)).  But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for

attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 F. App'x 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

## III.     ANALYSIS

### A.     Reasonable Number of Hours

Plaintiff's counsel attests that Plaintiff incurred attorney's fees in the amount of $3,950.00 for 11 hours of work as a result of bringing the underlying Motion to Compel. (Docket no. 25.) Specifically, Attorney Nicholas E. Backos indicates that he spent 5 hours researching and drafting the Motion. (*Id.* ¶ 5.) Attorney Marcel S. Benavides indicates that he

3

spent 2 hours drafting and reviewing the Motion and addressing the Joint Statement of Resolved and Unresolved Issues; 2 hours corresponding with Defendants' counsel; and 2 hours preparing and drafting the instant Bill of Costs. (*Id.* ¶¶ 5-7; docket no. 25-1.)

In determining whether the time spent on a matter constitutes a reasonable number of hours, the Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, No. 05-70110, 2011 WL 204750 at *4 (E.D. Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)).

The Court finds that the time spent by Plaintiff's counsel in bringing the Motion to Compel is unreasonable. The underlying discovery matter was a routine issue regarding whether Plaintiff's interrogatories complied with the Federal Rules of Civil Procedure; it did not involve any novel or complex issues, and a review of the correspondence between Plaintiff's counsel and Defendants' counsel does not reflect that the matter was particularly contentious. Plaintiff's counsel asserts that the Motion was more complex and laborious than other motions to compel because they had to individually analyze each of the interrogatories that contained subparts in response to Defendants' blanket objection to the number of interrogatories. (*Id.* ¶ 5.) But

Plaintiff's counsel's "analysis" of Plaintiff's interrogatories does not contain any profound, individualized legal analysis. Rather, in a rote manner, Plaintiff's counsel describes the information requested through each interrogatory and its subparts and then makes a conclusory argument that the interrogatory and its subparts should be treated as one interrogatory because the subparts are clearly subsumed within and related to the primary issue of the interrogatory. While this three-and-a-half page section of Plaintiff's Motion certainly took a bit of additional time to write, it does not justify the asserted time spent by counsel in researching, drafting, and reviewing the Motion. The Court will therefore reduce the time spent by Attorney Backos in researching and drafting the Motion from 5 hours to a reasonable number of 3 hours. The Court will also reduce the amount of time spent by Attorney Benavides in drafting and reviewing the Motion and addressing the Joint Statement of Resolved and Unresolved Issues from 2 hours to 1 hour.

Next, the Court considers Attorney Benavides's assertion that he "conservatively" spent two hours corresponding with defense counsel through a variety of telephone calls, emails, and mail correspondences in an attempt to resolve the discovery matter without court intervention. (Docket no. 25 ¶ 6.) As support for this time spent, Attorney Benavides attached to the instant Bill of Costs a one-page letter to defense counsel and one email chain in which Attorney Benavides sent a few short emails to defense counsel. (Docket no. 25-1.) Attorney Benavides has not, however, provided any detail regarding the telephone calls or the other correspondence in which he engaged with defense counsel. Without having sufficient detail (other than the brief correspondence submitted to the Court) to determine whether this time was reasonably expended, the Court will reduce the time spent by Attorney Benavides for correspondence from 2 hours to 1.5 hours.

### B. Reasonable Hourly Rates

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation and internal quotation marks omitted). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Addock–Ladd*, 227 F.3d at 350.

Attorney Benavides charges $450.00 per hour and Attorney Backos charges $250.00 per hour, but this does not end the Court's inquiry. Attorney Benavides has been practicing law for over 18 years. He worked as an assistant prosecuting attorney in Oakland County, Michigan and Cook County, Illinois for approximately 10 years; he worked as assistant corporation counsel for the City of Chicago for two years during which he defended police officers in Section 1983 civil rights litigation; and for the past seven years, he has worked as a solo practitioner at a law office in Oakland County, Michigan, handling only Section 1983 plaintiff cases and criminal defense cases. (Docket no. 25 ¶¶ 1-2; docket no. 27.) Attorney Backos has been practicing law for approximately 6 years, is based out of Oakland County, Michigan, and his primary focus is in criminal defense and Section 1983 cases. (Docket no. 24; docket no. 25 ¶ 4.) Both attorneys attest to having extensive trial and motion practice experience, and Attorney Benavides also informs that he has successfully briefed and argued in the Sixth Circuit Court of Appeals and that he has litigated numerous Section 1983 cases in federal court that have resulted in lucrative settlements. (Docket no. 25 ¶¶ 2-4.) Attorneys Benavides and Backos assert that their hourly

rates are supported by Table 7 of the State Bar of Michigan's 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, which provides hourly billing rates for attorneys by their field of practice, namely civil rights attorneys. (*Id.* ¶¶ 8-9.)

The Court relies on the 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report, which was recently released by the State Bar of Michigan, is based on 2017 billing rate information, and is therefore more instructive than the 2014 Report regarding the hourly rates charged by Plaintiff's attorneys in this matter. The 2017 Report reveals the following:

- the median billing rate for a sole practitioner in Michigan, whose office is located outside of his home is $250.00 per hour;

- the median billing rate for attorneys with 16 to 25 years of experience in Michigan is $253.00 per hour;

- the median billing rate for attorneys with 6 to 10 years of experience in Michigan is $225.00 per hour;

- the median billing rate for attorneys in firms with one attorney in Michigan is $225.00 per hour;

- the median billing rate for attorneys at law firms in Oakland County, Michigan, south of M-59, is $275.00 per hour;

- the median billing rate for attorneys practicing civil rights law in Michigan is $288.00 per hour; and

- the median billing rate for attorneys practicing in Wayne County, Michigan, or Oakland County, Michigan, is $250.00 per hour.

*See* 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (January 2018), *available at* https://www.michbar.org/file/pmrc/articles/0000153.pdf. Thus, it appears that a rate between $225.00 per hour and $288.00 per hour is reasonable for Attorneys Backos and Benavides.

The $250.00 hourly rate charged by Attorney Backos falls within this range and is therefore reasonable. The $450.00 hourly rate charged by Attorney Benavides, however, falls outside of this range and is on the very high end of the reported hourly rates charged by sole practitioners with 18 years of experience practicing civil-rights law in the metro-Detroit area. *See id.* Attorney Benavides's 18 years of experience certainly warrants a higher hourly rate than Attorney Backos's 6 years of experience. And considering Attorney Benavides's extensive and diverse substantive experience, an upward adjustment from the median hourly rate seems appropriate. Nevertheless, Attorney Benavides has provided nothing to suggest that he should be afforded an hourly rate that is $200.00 greater than the median rate in the local market. And, as discussed above, this was a reasonably simple discovery matter that did not require extensive legal research or analysis and was not particularly contentious. Having considered Attorney Benavides's experience; the skill, time, and labor involved; the amount in question and the results achieved; and the difficulty of the Motion at hand; the Court finds that Attorney Benavides's reasonably hourly rate is $300.00 per hour.[1] Therefore, the Court will afford Attorney Backos a reasonable hourly rate of $250.00 per hour and Attorney Benavides a reasonable hourly rate of $300.00 per hour.

### C. Lodestar Calculation

Based on the above analysis, the Lodestar calculation is as follows:

Attorney Backos:  3 hours x $250.00 per hour = $750.00
Attorney Benavides:  4.5 hours x $300.00 per hour = $1,350.00

Total Attorney's Fees:  $2,100.00.

---

[1] Plaintiff provided no relevant information with regard to the nature of Attorney Benavides's professional relationship with Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded attorney's fees in the amount of $2,100.00, payable to Plaintiff's counsel by Defendants or Defendants' counsel within twenty-one (21) days of this Opinion and Order.

Dated: March 14, 2018        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: March 14, 2018        s/ Leanne Hosking
                             Case Manager